IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLTON RANDELL MILLER                                    PLAINTIFF

V.                        CASE NO. 5:19-CV-05222

SHERIFF TIM HELDER, Washington County,
Arkansas; DEPUTY GRIMES; DEPUTY
KIEGLY; and DEPUTY BOWMAN                                 DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Washington County Detention Center ("WCDC"). He has named as Defendants Washington County Sheriff Tim Helder, Deputy Grimes, Deputy Kiegly, and Deputy Bowman.

Plaintiff's Amended Complaint (Doc. 8) is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Amended Complaint, Plaintiff was extradited from North Dakota and transported to Arkansas. After thirteen hours of traveling, Plaintiff arrived at the WCDC on October 31, 2019, and was placed in a holding cell for twelve hours. Plaintiff alleges he was forced to sleep on the cold concrete floor. The following morning at 8:00 a.m., Plaintiff alleges he was pulled out to be fingerprinted and have his

1

"mug" shots taken. He was then placed back into the holding cell by Deputy Grimes. Plaintiff was later taken out to shower but placed back into the holding cell for an additional three hours.

Plaintiff alleges he is Black and feels his treatment was a result of "racial bigotry." According to Plaintiff, other individuals, brought in on detainers after he was, were booked first. Plaintiff alleges he was discriminated against on the basis of his race and deprived of a bed, shower, and a change of clothes after a thirteen-hour transport followed by fifteen hours in a holding cell.

Finally, Plaintiff alleges that he was placed in U-pod at about 11:00 a.m. He claims he spent his first month-and-a-half sleeping on the floor in U-pod due to overcrowding in the jail. As a result of sleeping on the floor, Plaintiff maintains that he suffered from muscle spasms, hip bone pain, and body aches.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether

2

a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Though Sheriff Helder and Deputy Bowman are listed as Defendants, no factual allegations concerning them are stated in the Amended Complaint. Individual liability under § 1983 must be based on personal involvement. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). Further, a defendant in a § 1983 suit cannot be held vicariously liable for the acts of another, *Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010), so Sheriff Helder cannot be held liable solely on the basis of the conduct of one or more of his employees. As no facts have been alleged concerning either Sheriff Helder's or Deputy Bowman's personal involvement, both Defendants will be dismissed from the lawsuit.

## IV. CONCLUSION

The Court finds that the claims asserted against Sheriff Helder and Deputy Bowman are subject to dismissal because they are frivolous or fail to state claims upon

3

which relief may be granted. Therefore, **IT IS ORDERED** that Sheriff Helder and Deputy Bowman are **DISMISSED WITHOUT PREJUDICE**. See 28 U.S.C. § 1915(e)(2)(B)(i-ii). The Clerk of Court is directed to update the docket to reflect the dismissals. The Amended Complaint will be served on the remaining Defendants.

**IT IS SO ORDERED** on this 4th day of February, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4